IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00299-LTB-KLM

GARY DUREN,

        Plaintiff,

v.

NPL CONSTRUCTION COMPANY, Nevada corporation,

        Defendant.

## STIPULATED PROTECTIVE ORDER

Upon the parties' stipulation, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of current or former employees, and all documents and information concerning the confidential personal, medical, business, financial or proprietary information of the parties, and

information concerning the employment, compensation, or employment history of any of Defendant's current or former employees. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including designated representatives for defendant;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has

read this Protective Order and agrees to be bound by its provisions, provided that no sanctions shall be imposed on counsel as a result of the failure of counsel to obtain such an acknowledgment with respect to information disclosed in the course of a deposition unless counsel's obligation under this paragraph is raised on the record by opposing counsel before the conclusion of the deposition. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Any such designation must first be reviewed by an attorney, and the designation shall be deemed a certification by the designating party's attorney that the designation as confidential is based on a good-faith belief that the information is confidential or otherwise entitled to protection under Fed.R.Civ.P. 26(c)(1)(G).

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within twenty-one (21) days after notice by the court reporter of the completion of the transcript.

8.   A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9.   When filing any documents under seal, the parties shall comply with D.C.COLO.LCivR 7.2 and 7.3. or any other rules promulgated by the United States District Court for the District of Colorado in effect at the time the documents are filed.

10.   At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be retained in a secure location and manner by the possessing

counsel and continue to be subject to the terms of this Order or such documents shall be destroyed in a manner mutually agreeable to the parties.

11.   This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DONE AND SIGNED this 25 day of April, 2011.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED AS TO FORM

s/David Lichtenstein
David Lichtenstein
1556 Williams St., Suite 100
Denver, CO 80218-1661
Telephone: (303) 831-4750
Facsimile: (303) 863-0835
E-mail: dave@lichtensteinlaw.com
Attorney for Plaintiff

s/ Edward J. Butler
Raymond M. Deeny
Edward J. Butler
Sherman & Howard, LLC.
90 South Cascade Avenue, Suite 1500
Colorado Springs, CO 80903
Telephone: (719) 475-2440
Facsimile: (719) 653-4576
E-mail: ebutler@shermanhoward.com
Attorneys for Defendant